UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONNA DEITRICK, | : | |
| Plaintiff | : | Case No. 4:06 – CV – 01556 |
| v. | : | (Chief Judge Kane) |
| | : | (Magistrate Judge Arbuckle) |
| MARK A. COSTA *et al.*, | : | |
| Defendant(s) | : | |

# ORDER

On October 15, 2012, Attorney Stacey Acri, Counsel for Defendant Jane Acri, requested permission from the Court in a letter (Doc. No. 201) to review certain documents, specifically:

(1) the original copies of the Moro documents currently in Attorney Loftus' possession;

(2) documents responsive to a subpoena issued to non-party Attorney Moro which are still in his possession; and

(3) the filing of Plaintiff Deitrick's personal verification of Plaintiff's Answer to Interrogatories (Doc. No. 151).

## I. Statement of Facts and Procedural History

### *A. The Moro Documents*

On July 25, 2012, Attorney Stacey Acri, Counsel for Defendant Jane Acri, requested a discovery conference via docketed letter (Doc. No. 142) regarding a subpoena (the subpoena) issued to non-party Attorney Gregory Moro. The subpoena sought production of certain parts of Attorney Moro's files pertaining to his previous representation of Plaintiff Donna Deitrick on a separate but related matter (Moro Documents).

A telephonic discovery conference was held before a Magistrate Judge on August 13, 2012. In the Court's Order (Doc. No. 147), Counsel for the Plaintiff was directed to:

(1) review the Moro Documents in their entirety;

(2) to produce all non-privileged documents responsive to the subpoena; and,

(3) provide a detailed privilege log listing those documents, if any, that are responsive but have been withheld.

A second telephonic discovery conference was held before a Magistrate Judge on September 17, 2012. Attorney Loftus was Ordered (Doc. Nos. 159, 160) by the Court to:

(1) produce any non-privileged documents in his possession responsive to the subpoena not later than September 21, 2012; and,

(2) produce a privilege log which lists any documents in his possession responsive to the subpoena which he believes are subject to privilege or some other protection not later than September 21, 2012.

### B. *Plaintiff's Answers to Defendant Thomas Yoncuski's Interrogatories Set 2*

On July 9, 2012, Attorney Scheib, Counsel for Defendant Thomas Yoncuski, requested a discovery conference via docketed letter (Doc. No. 137) to address the issue of Plaintiff's response to Defendant Thomas Yoncuski's Interrogatory Set 2 (Interrogatory Set 2). On July 12, 2012, a telephonic discovery conference was held before a Magistrate Judge. Attorney Loftus was Ordered by the Court (Doc. No. 138) to submit a written response to Interrogatory Set 2 not later than July 16, 2012.

On July 18, 2012, Attorney Scheib requested an additional discovery conference via docketed letter (Doc. No. 140) be scheduled to address Attorney Loftus' failure to provide answers to Interrogatory Set 2 by the July 16, 2012 deadline. On August 13, 2012, a telephonic discovery conference was held before a Magistrate Judge, and an Order (Doc. No. 147) was issued. Attorney Loftus was Ordered by the Court (Doc. No. 147) to submit a response to Interrogatory Set 2

not later than August 20, 2012.  Attorney Loftus submitted Plaintiff's Answers to Interrogatory Set 2 (Doc. No. 151) on August 20, 2012.

On August 21, 2012, Attorney Scheib requested a third discovery conference via docketed letter (Doc. No. 153) regarding the Answers to Interrogatory Set 2 (Doc. No. 151), which did not include a signed affidavit by the Plaintiff.  (Doc. No. 153).  A telephonic discovery conference was held on September 17, 2012 before a Magistrate Judge.  (Doc. No. 159).  Attorney Loftus was Ordered by the Court (Doc. No. 159) to file via CM/ECF a personal verification by the Plaintiff of the Answers to Interrogatory Set 2 (Doc. No. 151).  A personal verification was apparently signed by the Plaintiff and provided to Attorney Scheib; however, the verification has not been filed via CM/ECF.

With this history, the Court must now address the current requests (Doc. No. 201) for assistance with the outstanding issues of discovery as outlined above.

## II.     Discussion

On October 15, 2012, Attorney Acri, Counsel for a Defendant, requested permission from the Court in a letter (Doc. No. 201) to review the original copies of the Moro documents currently in Attorney Loftus' possession.  The Court Staff attempted to contact Attorney Loftus on two (2) occasions to verify that he has no objection to allowing Counsel for the Defendants to review the original copies of the Moro Documents in his possession, and any documents that may be responsive

to Attorney Acri's subpoena that are still in the custody of non-party Attorney Moro.  The Court staff has been unable to contact Attorney Loftus.

The Court must conclude that none of the Moro Documents responsive to the subpoena that are in the possessed by Attorney Loftus are subject to attorney-client privilege.  This is supported by the fact that there has been no privilege log produced, as was required by Court Order (Doc. No. 160) where any of the responsive documents were withheld.  Accordingly, if Counsel for the Defendants would like to read and review the original Moro documents currently in the custody of Attorney Loftus, then they may do so.

Furthermore, since Attorney Loftus has had ample opportunity to inspect the files currently stored at the offices of Attorney Moro (Stored Files), and has not produced a privilege log indicating that any of the stored files are subject to privilege or some other protection.  Having raised the issue of attorney-client privilege but not properly defended it, despite being given numerous opportunities to do so, the protection of attorney-client privilege as it relates to the Stored Files is deemed waived.  Therefore, Attorney Moro is encouraged by the Court to allow Attorney Acri, or her designated representative, access to the Stored Files.

Should Attorney Loftus have any objection, he must file a Motion for a Protective Order within ten (10) days.  Otherwise, the Court expects counsel will make the necessary arrangements without further involvement by the Court.

### III. ORDER

1. Counsel for the Plaintiff has ten (10) days to object to this Order by a timely Motion for a Protective Order;

2. If no objection is made within ten (10) days, Attorney Acri, or her designated representative, shall have the opportunity to review the Moro Documents currently in the custody of Attorney Loftus;

3. For the reasons explained in this Order, Attorney Moro is encouraged to grant to Attorney Acri, or her designated representative, direct access to any files in his custody that are responsive to the subpoena originated by Attorney Acri; and,

4. Attorney Loftus must file, in CM/ECF, Plaintiff's verification of the Answers to the Interrogatories Set 2 from Thomas Yoncuski (Doc. No.151) as required by the Court's earlier Order (Doc. No. 159).

**SO ORDERED.**

*s/ William I. Arbuckle, III*
William I. Arbuckle, III
U.S. Magistrate Judge

Dated: November 6, 2012