IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONNA DEITRICK, | : | Civil No. 4:06-CV-1556 |
| Plaintiff, | : | (Judge Brann) |
| v. | : | (Magistrate Judge Arbuckle) |
| MARK A. COSTA, *et al.*, | : | |
| Defendants, | : | |

## MEMORANDUM

On October 6, 2014, counsel for certain defendants filed a letter (Doc. 363) informing this Court that the Pennsylvania Disciplinary Board website lists Plaintiff's Counsel, Peter G. Loftus (Bar. I.D. 9943) as "retired" and that attempts to reach Mr. Loftus have been unsuccessful. On October 7, 2014 this Court filed an order (Doc. 364) requiring Attorney Loftus to file an explanation of his "retired" status or a motion to withdraw as counsel. On October 16, 2014 the Clerk's Office informed this Court that Attorney Loftus called to inform the court that he had retired from the practice of law in September and turned over Ms. Deitrick's entire file to her on October 1, 2014. There was no indication that he gave her any instructions on how to protect her rights or advance the case.

Plaintiff Donna Deitrick was instructed to obtain other counsel and file an entry of appearance not later than Monday, November 3, 2014. No entry of

appearance was filed and Plaintiff was ordered to appear before the Court today, November 4, 2014, for instructions on how to proceed *pro se*. (*See* Doc. 378). Counsel for the Defendants were invited but not required to appear. At the hearing, we established new deadlines for the filing of responses to all pending matters in this case. We also provided Plaintiff with instructions on how to proceed *pro se*.

## I. CASE BACKGROUND

In August of 2004, Donna Deitrick was in the process of divorcing Robert Yoncuski. In this lawsuit she claims that property was stolen from her during that divorce. She further claims that police officers, Yoncuski's relatives, and lawyers involved in the divorce acted to facilitate the theft. The case was delayed by a successful criminal prosecution of Robert Yoncuski and a bankruptcy by Deitrick.[1]

Deitrick's original complaint, filed on August 11, 2006 by attorney Richard Wilson, alleged various federal and state causes of action against numerous defendants. (Doc. 1). Specifically, Deitrick alleges state-law claims for false imprisonment (Count IV), assault and battery (Count V), intentional infliction of emotional distress (Count VI), negligent infliction of emotional distress (Count VII), negligence (Count VIII), negligence per se (Count IX), negligent hiring and supervision (Count X), respondeat superior (Count XI), civil conspiracy (Count

---

[1] See Document 272 for the status of this case when the matter was first undersigned to the magistrate judge.

XII), conversion (Count XIII), and trespass to chattels (Count XIV). Deitrick also alleges federal claims under section 1983 for deprivation of constitutional rights (Count I) and municipal liability under the Court's decisions in *Monell* (Count II) and *City of Canton* (Count III). The following summarizes the current status of all claims and parties in this action:

- All claims against Defendants Shamokin Police Department and City of Shamokin (Counts II, III, X, XI) have been dismissed. (Docs. 102, 353).

- Defendants Brown and Moore were voluntarily dismissed from the action on September 13, 2012. (Doc. 157).

- All claims against Defendants Nichols and Zelinski (Counts I, IV-IX, XII-XIV) have been dismissed. (Docs. 102, 353).

- Claims for excessive force (Count I) and state-law battery (Count V) are pending against Defendants Costa and Miner. (Docs. 353). The remaining claims against Costa and Miner (Counts IV, VI-IX, XII-XIV) have been dismissed. (Docs. 102, 353).

- Three claims premised on negligence are pending against Defendant Searls (Counts VII-IX). The remaining claims against Searls have been dismissed. (Docs. 102, 353).

- All claims against Defendants Acri and Balascik (Counts VI-IX, XII-XIV) have been recommended by for dismissal by a Report and Recommendation (R&R). (Doc. 362; Doc. 372).

- Claims for emotional distress and negligence per se (Counts VI, VII, IX) against Defendant Thomas Yoncuski have been recommended for dismissal by an R&R. (Doc. 367). It was recommended that summary judgment be denied with respect to the remaining claims (Counts VIII, XII-XIV) against Thomas Yoncuski. (*Id.*).

- Claims against Defendants Jeff Adams, Marianne Adams, Robert Yoncuski, Vanessa Long, and Linda Long for emotional distress, negligence, conspiracy, conversion, and trespass to chattels (Counts VI-IX, XII-XIV) remain pending. There are also claims for false imprisonment, assault, and battery (Counts IV, V) against Robert Yoncuski and Vanessa Long.

- It was recommended by an R&R that partial summary judgment with respect to certain damages issues be denied. (Doc. 367; Doc. 376).

Plaintiff was originally represented by attorney Richard Wilson. On September 1, 2006, attorney Richard Jennings entered an appearance on behalf of Plaintiff. (Doc. 3). On November 15, 2006, attorney Peter Loftus entered an appearance on behalf of Plaintiff. (Doc. 22). Attorneys Wilson and Jennings subsequently withdrew as counsel of record on November 27, 2006. (Docs. 30, 46). At the time, the case was assigned to Judge Muir. The case was reassigned to Judge Kane in 2010. (Doc. 72). The matter was thereafter referred to then Magistrate Judge Mannion and, in 2012, to the undersigned Magistrate Judge. (Docs. 89, 138). The case was reassigned to Judge Brann in 2013. (*See* Doc. 266).

On October 16, 2014, Plaintiff's attorney Peter Loftus informed the court that he had retired from the practice of law in September and turned over Deitrick's entire file to her on October 1, 2014. (Doc. 369). This Court stayed all pending deadlines and instructed Plaintiff to obtain other counsel and file an entry of appearance not later than Monday, November 3, 2014. (*Id.*). To date, no entry of appearance has been filed and Plaintiff is presently before the Court. Attorneys

Stacey Acri (representing Defendant Jane Acri), Michael Scheib (representing Defendant Thomas Yoncuski), and Sunshine Thomas (representing various entity and individual defendants) participated telephonically. Attorney Jim Wallbillich was present but did not participate in the hearing.

## II. INSTRUCTIONS FOR PRO SE PLAINTIFF AND OPPOSING COUNSEL

Before discussing and establishing new deadlines for the pending matters in this case, it is important that Plaintiff Deitrick understand her responsibilities as a pro se party. To that end, this Court provided an overview of the pertinent rules that are binding upon Ms. Deitrick and the resources that are available to her:

- Standing Order 94-2
    - http://www.pamd.uscourts.gov/sites/default/files/94-2rev3.pdf
    - Note: The version of FRCP 56 attached to the standing order is out of date. The current version of FRCP 56 and the accompanying Advisory Committee Notes, hyperlinked below, should be consulted.
- ECF Registration Form
    - http://www.pamd.uscourts.gov/sites/default/files/ecfreg_form.pdf
- Local Rules
    - http://www.pamd.uscourts.gov/sites/default/files/local_rules/LR120112.pdf
    - Local Rules addressed in Standing Order 94-2
    - See also Local Rules 72.2, 72.3
- Federal Rules of Civil Procedure

- - http://www.uscourts.gov/uscourts/rules/civil-procedure.pdf
  - Advisory Committee Notes: http://www.gpo.gov/fdsys/pkg/USCODE-2013-title28/pdf/USCODE-2013-title28-app-federalru-dup1.pdf
  - Federal Rules addressed in Standing Order 94-2
  - See also FRCP 11, 56, and 72
- Federal Rules of Evidence
  - http://www.uscourts.gov/uscourts/rules/rules-evidence.pdf
  - Advisory Committee Notes: http://www.gpo.gov/fdsys/pkg/USCODE-2013-title28/pdf/USCODE-2013-title28-app-federalru-dup2.pdf

This Court next advised Ms. Deitrick of the availability of the ECF system. Deitrick declined to register for ECF and opted for paper filing and service by mail at her current address: 123 Miller Lane, Shamokin PA 17872. Deitrick was advised of her duty under Local Rule 83.18 to keep her current address on file with the clerk.

Ms. Deitrick also provided her unlisted home telephone number. At her request, this phone number is to remain confidential. Opposing counsel were given the phone number with instructions that it was only to be used to communicate with Ms. Deitrick in her capacity as a pro se litigant in these proceedings. In particular, counsel were instructed not to share Ms. Deitrick's phone number with other persons such as her ex-husband, Defendant Robert Yoncuski. The number was redacted from the record. Counsel who were not present can obtain Ms. Deitrick's number from the clerk subject to the same use restrictions.

## III. PENDING MATTERS

At the hearing, new deadlines were established for all pending matters. This Court suggested without objection that all deadlines be set for 90 days from the date of the hearing. **Parties are advised that 90 days from the date of this order is February 2, 2015**, rather than the January 5, 2015 date mentioned during the hearing.

### A. Report & Recommendations: Summary Judgment Motions

There are currently four Report and Recommendations (R&Rs) on various motions summary judgment pending. The deadlines for objections to these R&Rs were stayed. New deadlines, set forth below, were established at the hearing.

### *1. Document 362 (Filed 10/02/2014): Acri Summary Judgment*

Parties were given until **February 2, 2015**, to submit objections to Document 362. Document 362 is an R&R recommending that Defendant Acri's Motion for Summary Judgment be granted and all claims against her dismissed. Defendant Acri filed that motion and supporting materials on September 27, 2012. (Docs. 175-189). Plaintiff submitted opposition materials on December 2, 2012. (Doc. 222). Exhibits B (Doc. 225-2) and F (Doc. 225-6) to those materials were ordered sealed because they contained sensitive or confidential information. (Doc.

245). Acri filed a reply brief and a supplemental statement of facts on December 14, 2012. (Docs. 242, 243)..

### *2. Document 367 (Filed 10/16/2014): T. Yoncuski Summary Judgment*

Parties were given **until February 2, 2015**, to submit objections to Document 367.  Document 367 is an R&R recommending that Defendant Thomas Yoncuski's Motion for Summary Judgment be granted in part and denied in part. Specifically, it is recommended that the motion be granted with respect to the counts based on emotional distress and negligence per se (Counts VI, VII, IX), denied with respect to the remaining counts (Counts VIII, XII-XIV), and denied as to the value of the safe contents. Thomas Yoncuski filed that motion along with supporting materials on October 9, 2012. (Doc. 197-199). Plaintiff filed an opposition brief on May 3, 2013. (Doc. 297).

### *3. Document 372 (Filed 10/21/2014): Kevin Balascik Summary Judgment*

Parties were given until **February 2, 2015**, to submit objections to Document 372. Document 372 is an R&R recommending that all claims against Defendant Kevin Balascik be dismissed. Balascik moved for summary judgment and submitted supporting materials on January 4, 2013. (Docs. 254, 255). Plaintiff submitted an opposition brief on May 3, 2013. (Doc. 296).

### *4. Document 376 (Filed 10/28/2014): Long et al. Summary Judgment*

Parties were given until **February 2, 2015**, to submit objections to Document 376. Document 376 is an R&R recommending that Defendants Linda Long, Robert Yoncuski, and Vanessa Long's motion for partial summary judgment as to the value of the missing and returned jewelry be denied. Defendants filed that motion on September 27, 2012. (Doc. 161). Supporting materials were filed the same day. (Docs. 162-173). Plaintiff submitted opposition materials on November 30 and December 2, 2012. (Docs. 223,[2] 223-1, 225). Exhibits B (Doc. 225-2) and F (Doc. 225-6) to those materials were ordered sealed because they contained sensitive or confidential information. (Doc. 245). On December 14, 2012, Defendants filed a reply brief and a supplemental statement of facts (Docs. 244, 244-1).

### B. Motion to Dismiss: Rule 41(b) Failure to Prosecute

The parties were advised that they will have until **February 2, 2015**, to submit objections to a soon to be filed R&R on the motion to dismiss, Document 258. That motion is currently under consideration and an R&R will be filed shortly.

---

[2] This document was mistakenly titled in the docket as opposition to motion filed at Doc. 197.

Defendant Acri first moved to dismiss the case on January 7, 2013. (Doc. 258). Supporting materials were filed the same day. (Docs. 258-262). Additional exhibits were filed the following day. (Docs. 264-265). Plaintiff filed opposition materials on May 20, 2013. (Doc. 314). Reply materials were submitted on June 3, 2013. (Doc. 325). Various other defendants subsequently moved to join in the motion to dismiss. (Docs. 358 - 361).

### C. Motion to Exclude Export Report

Plaintiff was given until **February 2, 2015**, to submit opposition materials to the motion to exclude, Document 342. Defendant Acri moved to exclude the expert report of Gary Smith on August 2, 2013. (Doc. 342). Supporting materials were submitted the same day. (Docs. 342, 343). Various other Defendants concurred in but did not join the motion. This Court is unaware of any opposition materials submitted by Plaintiff.

### D. Motion for Sanctions

Defendant Acri filed a motion for discovery sanctions on February 22, 2013. (Doc. 267). Supporting materials were submitted the same day. (Doc. 268). Plaintiff submitted opposition materials in May of 2013. (Docs. 309, 313). That motion is currently under consideration and no action is required by any party at this time.

Defendant Acri subsequently filed a motion for sanctions under Rule 11 on July 15, 2013. (Doc. 331). Supporting materials were filed the same day. (Doc. 332). This Court is unaware of any opposition materials submitted by Plaintiff in opposition to the Rule 11 motion. Plaintiff is given until **February 2, 2015**, to submit opposition materials to the motion, Document 331.

An order will follow.

> *s/William I. Arbuckle, III*
> William I. Arbuckle, III
> United States Magistrate Judge

Dated: Nov. 4, 2014