IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONNA DEITRICK, | : | Civil Action No. 4:06-CV-01556 |
| Plaintiff, | : | (Judge Brann) |
| v. | : | |
| MARK A. COSTA, et al., | : | (Magistrate Judge Arbuckle) |
| Defendants. | : | |

**MEMORANDUM**
August 18, 2015

Currently pending before the Court is Plaintiff Donna Deitrick's Motion for the Entrance of Final Judgment Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. (ECF No. 436). Briefing has concluded,[1] the Motion is ripe for consideration and, for the reasons discussed below, the Motion is denied.

**I. BACKGROUND**

This matter comes before the Court as a result of the Court's April 9, 2015 Order adopting Magistrate Judge William I. Arbuckle III's Report and Recommendation. (ECF No. 414). That Order granted judgment in favor of Defendant Jane Acri and terminated her from the case. Id. After filing an appeal

---

[1] The Court notes that Ms. Deitrick filed her brief in support of the Motion nineteen days after filing the Motion, well outside of the allowed fourteen days. Defendant Jane Acri filed a brief in opposition on July 16, 2014. (ECF No. 438). Ms. Deitrick has filed no reply brief, and the time to do so has now lapsed.

with the United States Court of Appeals for the Third Circuit, on June 25, 2015, Ms. Deitrick filed this Motion, seeking entrance of final judgment and a partial stay of proceedings. (ECF No. 436).

## II. DISCUSSION

Federal Rules of Civil Procedure Rule 54(b) provides that:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54. In entertaining a motion under Rule 54(b), the district court acts "as a 'dispatcher'" to determine "the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980) (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 435 (1956)). The district court exercises its discretion "in the interest of sound judicial administration." Id. (quoting Mackey, 351 U.S. at 437).

A district court must balance "considerations of judicial administrative interests (preservation of the federal policy against piecemeal appeals) and equities (justice to the litigants)." Carter v. City of Philadelphia, 181 F.3d 339, 346 (3d Cir. 1999) (citing Curtiss-Wright, 446 U.S. at 8). "Factors to be considered therefore include 'whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [is] such

that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.'" Id. (alterations in original).

Exercising its discretion, this Court determines that there is just reason for delay.  The Court recognizes that there is some small risk of piecemeal litigation.  It is possible that, after denying Ms. Deitrick's Rule 54(b) Motion, the remaining parties will complete trial and thereafter, the Third Circuit may reverse this Court's grant of summary judgment and remand the case with instructions to reinstate Ms. Acri as a defendant.  In this situation, Ms. Deitrick would have to proceed in a second trial.  However, this possibility is outweighed by the prejudice that would result to the Defendants if Ms. Deitrick's Motion were granted, as well as the detrimental effect that Rule 54(b) entry would have on judicial economy.

First, entering final judgment pursuant to Rule 54(b) and granting a partial stay of proceedings would force this case to a grinding halt.  It appears likely that this case will proceed to trial relatively soon, and prior to the issuance of any decision by the Third Circuit on the merits of Ms. Deitrick's appeal.  This means that, to avoid two trials, this matter would need to be delayed.  With significant assistance from Magistrate Judge Arbuckle, this Court has endeavored for the past two and one-half years to push this case back on track toward a timely conclusion.  This action has now passed its ninth year in the Middle District of Pennsylvania

without conclusion, and the Court will not allow it to drag on for an additional nine years without resolution.

Second, it is apparent that significant prejudice would befall Ms. Acri if the Court entered final judgment pursuant to Rule 54(b).  Bearing in mind the possibility that she may be reinstated as a defendant in this case, Ms. Acri would likely need to prepare for trial in order to account for the possibility that she may once again be added as a defendant.  This would entail the expenditure of significant time and money in preparation for an event that may well never occur.

Finally, granting Ms. Deitrick's Motion would prejudice several other Defendants.  Following her dismissal from the case, Ms. Acri, without objection from Ms. Deitrick, entered her appearance as the attorney of record for Defendants Linda Long, Vanessa (Long) Yoncuski, and Robert Yoncuski (collectively the "Long/Yoncuski Defendants").  (ECF No. 419).  Previous counsel for the Long/Yoncuski Defendants withdrew from the case without objection from Ms. Deitrick.  (ECF No. 432).  Granting Ms. Deitrick's Motion would again raise the specter of Ms. Acri being called as a material witness in the case.  This possibility would force Ms. Acri to withdraw as counsel for the Long/Yoncuski Defendants, which would in turn force the Long/Yoncuski Defendants to find replacement counsel.  More time and money would be expended for replacement counsel to reacquaint himself with the case (assuming the Long/Yoncuski Defendants' former

counsel would be willing to reenter the case).  Consequently, the Court concludes that a balance of the equities militates against granting Ms. Deitrick's Motion.

## IV. CONCLUSION

After balancing the aforementioned factors, the Court determines that just reason for delay exists.  Therefore, Ms. Deitrick's Motion for the Entrance of Final Judgment Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure is denied.

An appropriate Order will follow.

BY THE COURT:

/s Matthew W. Brann
Matthew W. Brann
United States District Judge