IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONNA DEITRICK<br>    Plaintiff | )<br>)<br>) | Civil No.: 4:06-CV-1556 |
| v. | )<br>) | (Magistrate Judge Arbuckle) |
| MARK A. COSTA, *et-al*<br>    Defendants | )<br>) | |

MEMORANDUM
(Doc. 528)

BACKROUND

    Before the Court is a Motion in Limine (Doc. 528). Briefs have been filed (Doc.s 529 and 535) and the matter is ripe for decision. The case in this court began in August of 2006. The underlying events took place between 2003 and 2005. Parts of these facts from this case have been in no less than six different courts. Most parties have had at least one change of counsel, just in this court, over the last thirteen (13) years. Claims are made by Donna Deitrick against her ex-husband, Robert Yoncuski, and several others, for restitution and psycological injury arising from the theft of her personal property. On the eve of trial, the moving Defendants have discovered what they perceive as a potential defense: "this case was decided ten years ago." The motion questions the application of res judicata and collateral estoppel to issues in a federal court civil conspiracy and conversion case from a state court divorce case.

    For the reasons that follow the Motion in Limine to preclude proof of the value of the items in the stolen safe will be DENIED.

RELIEF REQUESTED

Defendants' Motion in Limine seeks an Order precluding any further testimony or evidence concerning the value of the contents of the safe based upon either res judicata or collateral estoppel. Plaintiff responds that relief should be denied on both procedural and substantive grounds.

DISCUSSION

Defendants, in their Motion in Limine, raise five questions for the Court to consider:[1]

1. Whether the issue of the value of the safe's contents has already been litigated by a court of competent jurisdiction?

2. Whether the contents of the safe were taken into consideration by a court of competent jurisdiction in rendering a final judgment in equitable distribution between Plaintiff and Defendant Robert Yoncuski?

3. Whether plaintiff was a party in the divorce case that resulted in an equitable distribution award that considered the dissipation of the safe's contents?

4. Whether plaintiff has had a full and fair opportunity to litigate the issue of the value of the safe's contents in the divorce case?

5. Whether the determination of the value of the safe's contents was essential to the judgment on equitable distribution?

Plaintiff responds with three counter statement of questions presented:[2]

---

[1] (Doc. 529, p. 6).
[2] (Doc. 535, p. 4).

1. Whether the relief requested by Defendants is available on the eve of trial or, in the alternative, whether additional procedural safeguards are required before consideration of the relief sought?

2. Whether the Defendants are entitled to an order precluding any further testimony on the value and contents of the safe based upon theories of res judicata and/or collateral estoppel?

3. Whether Deitrick would be unjustly enriched by granting damages to her against any Defendant in the instant case?

The Court decision that the Defendants rely upon for their issue preclusion claim is the Equitable Distribution Order[3] entered by Judge James on July 29, 2009. They offer no reason to explain why they waited ten years to raise a defense that could have ended the case on summary judgment if their legal theory is correct. Four hundred and sixty-four (464) docket entries have been added to this case since the equitable distribution date. This court has written hundreds of pages and conducted numerous hearings and conference calls to advance this litigation. The Defendants initially filed a "Joint MOTION for Summary Judgment *or, In the Alternative, Joint Motion in Limine to Preclude Any Further Testimony or Evidence on the Value of the Contents of the Safe*" (Doc. 526). They wisely withdrew that motion (*see* docket annotations dated 08/06/19 and 08/07/19) and filed a "Joint MOTION in Limine *to … Preclude Any Further Testimony or*

---

[3] (Doc. 529-1, pp. 233-253), Northumberland County Court of Common Pleas Docket #1012 of 2004, Judge Thomas A. James, Jr. of Columbia-Montour Counties sitting by special designation.

*Evidence on the Value of the Contents of the Safe*" (Doc. 528).  However, granting the Motion in Limine would have almost the same effect as granting a Motion for Summary Judgment.  The trial of a conversion (theft) case without <u>any</u> proof of the value of the property taken would almost certainly require a defense verdict or nominal damages of one dollar.  Despite the delay and confusion, I will decide the motion on the merits.

PRECLUSION

      The parties have described the issue in their briefs variously as one of "res judicata, collateral estoppel, issue preclusion, and claim preclusion."  Defendants lean heavily on *Chada v. Chada*, 756 A.2 39 (Pa. Super 2000) a case which at first blush might seem to apply.  But, on careful reading the facts of *Chada* are distinguishable from those here.  In *Chada* the husband attempted to allege fraud by proving an oral agreement entered into with his wife and son to transfer marital real estate during the marriage.  The Superior Court noted that "The trial court ably summarized the background of this case as follows: …" *Chada v. Chada*, 756 A.2d 39, 40 (2000) and I will not repeat that two-page recitation of the facts here.  Suffice it to say that the decision turned on two facts not present here: 1) the property in question was clearly at one time marital property; and 2) the parties

represented to the Court in post distribution dispute proceedings that all issues were finally settled forever between the parties[4] and then another lawsuit was filed.

RES JUDICATA

Res judicata, if it applies at all, would only apply to the benefit of the ex-husband. No other defendants were a party to the divorce. The other defendants have raised cross claims for indemnification against the ex-husband. Those cross claims were clearly not addressed in the divorce.

COLLATERAL ESTOPPEL

Collateral estoppel requires identity of parties and issues. "Yet a basic requirement of collateral estoppel is that the party against whom the estoppel is asserted must have been a party, or in privity with a party to the prior adjudication. *Scooper Dooper Inc. v. Kraftco Corp.*, 494 F.2d 840, 844 (3d Cir. 1974)." *In re Queeny/Corinthos*, 503 F. Supp. 365, 366 (E.D. Pa. 1980). I am not persuaded by Defendants' argument that they "could" have been interpleaded into the divorce

---

[4] "There will not be any more court proceedings involving Adam Chada and the Mrs. There is no legitimate reason for the parties to come into any contact with each other in the future, and that's that. They will not see each other in court any longer or ever again with regard to the economic issues of this case. They are closed forever."
*Chada v. Chada*, 2000 PA Super 186, ¶ 2, 756 A.2d 39, 41 (2000).

case given their status as joint tortfeasors. They cite no authority for that unusual proposition. I could find none.[5]

UNJUST ENRICHMENT

Defendants also argue that allowing Ms. Deitrick to recover money in this case would be an unjust enrichment because she was already "awarded" the value of the safe contents in the divorce. I disagree for the reasons explained in the next section.

DOES PRECLUSION EVEN APPLY?

The question that will dispose of the Motion in Limine is this: Was the value of the items in the safe finally resolved by the earlier divorce case?

The Defendants urge this Court to find that the value of the stolen property was decided in equitable distribution in the divorce case. Deitrick argues that the jewelry and cash in the safe were not "marital property" and therefore not subject to distribution in equitable distribution proceedings. (Doc. 535, p. 11-12). In the divorce case Judge James specifically found that the jewelry in the safe was not marital property (Doc. 529-1, p. 240, ¶26B, p. 241, ¶34.). He also found that he

---

[5] There is a Pennsylvania case where the reverse situation was resolved. *See*, *Luiziaga v. Psolka*, 432 Pa. Super. 26, 30, 637 A.2d 645, 647 (1994) where a woman injured by a person undergoing divorce had no interest sufficient to entitle her to intervene in the divorce action of the alleged tortfeasor.

could not determine the exact value, but that it was significant (Doc. 529-1, pp. 243-244).

Although discussed in his Equitable Distribution Opinion, the Order that followed (Doc. 529-1, pp. 251-253) did NOT divide or otherwise dispose of the jewelry from the safe.[6] Although Judge James did consider the jewelry as a factor in dividing the marital estate, it cannot be said that the precise value of the jewelry was necessarily decided as an integral part of equitable distribution in the divorce case. For that reason, the equitable distribution award in the divorce case does not preclude the Plaintiff in this case from attempting to prove the value of the property stolen[7] from the safe. An appropriate Order will follow.

---

[6] Pennsylvania courts have routinely and uniformly declined to distribute non-marital property. *See Strauss v. Strauss*, 27 A.3d 233, 235 (Pa. Super. 2011); *Stackhouse v. Zaretsky*, 900 A.2d 383, 389 (Pa. Super. 2006); *Anzalone v. Anzalone*, 835 A.2d 773, 781 (Pa. Super. 2003); *Ressler v. Ressler*, 644 A.2d 753, 755 (1994); and *Budnick v. Budnick*, 615 A.2d 80, 82 (Pa. Super 1992).

[7] No verdict has been reached yet in this case that there was property "stolen" but I note that the deposition transcripts attached by the Defendants to their Motion in Limine (Doc. 529-1, Exhibits C, D, E, G & H) all include admissions by the deponent that the safe was stolen from Donna Deitrick's residence and that it contained cash and jewelry.