IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONNA DEITRICK | ) | Civil No.: 4:06-CV-1556 |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | (Magistrate Judge Arbuckle) |
| | ) | |
| MARK A. COSTA, *et-al* | ) | |
|     Defendants | ) | |

# MEMORANDUM
(Docs. 543, 545, 547 Motions to Reconsider)

Defendant Robert Yoncuski asks the Court to reconsider (Motion, Doc. 543; Brief, Doc. 544) the denial of a Motion in Limine (Doc. 537). He raises no new factual issues or legal arguments.

Defendants Jeff and Marianne Adams also seek reconsideration (Motion, Doc. 545; Brief, Doc. 546). Their motion and brief also raise no new factual issues or legal arguments.

Defendant Thomas Yoncuski also seeks reconsideration (Motion, Doc. 547; Brief, Doc. 548) without raising any new factual or legal arguments.

My view on the issue has not changed. In the divorce case Judge James concluded that the jewelry in the safe was non-marital property. He also concluded that the wife had not proven specific values. Neither did the husband. In my view the precise value of the jewelry is not a necessary part of the Equitable Distribution decision once the jewelry was determined to be non-marital. If the

husband believed the value was integral to the case, he could have offered proof of value, apparently, he did not. The Adams were not a party to the divorce and have not suggested that they should have been. Neither was Thomas Yoncuski.

Because the precise value of the safe's contents was not necessary to the equitable distribution decision, or was not specifically decided in the Opinion, there is no res judicata or collateral estoppel effect available to the Defendant's in this case. In preparing this Memorandum I have again scrutinized Judge James' Equitable Distribution Opinion. The relevant portions can be summarized as follows:[1]

> In this case, the court finds that both parties are less than credible and, therefore, have a problem carrying their burdens of proof regarding uncorroborated facts. Husband had admittedly not told the truth to the Northumberland County Courts regarding the safe. His testimony is surely suspect. Wife has been less than forthright to this court about her inheritance and other matters. She often exaggerates. Likewise, her testimony is suspect. Where sufficient evidence corroborates their testimony, this court has found that the burden of proof has been sustained on certain issues. Where there is no credible corroborating evidence, this court has found that the burden of proof on certain issues has generally not been met. For example, husband claims that wife had control of certain items of personal property which had a value of $238,162.00 plus sentimental value. There is no corroborating evidence. Thus, husband's burden of proof was not met.
> At the same time, Wife suggests that she had approximately $5 million worth of jewelry int he safe and $500,000.00 in cash in the safe. This issue has been a major factor driving this litigation. This court believes that there was significantly valued jewelry in the safe. This

---

[1] Judge James Equitable Distribution Opinion at pp. 10-11 (Doc. 529-1, pp 243-244)

jewelry has not only a significant monetary value but had an extraordinary emotional and sentimental effect on wife. She had collected it for many years, and it was part of a bond she had with her mother. However, wife has produced little, if any, credible evidence/corroborating evidence for this court to place an actual value on the jewelry. There was no inventory. There were no receipts. There was insufficient other evidence of value.

    Similarly, she has not shown evidence of a source for the cash that she claims was in the safe. She has carried her burden of showing that there was a significant amount of jewelry in the safe but has not proved the value of the jewelry or the amount of the cash. Although this court cannot determine the value of what jewelry might have been missing from the safe, this court will take into account the fact that there was significant jewelry in the safe and that it is missing, when determining equitable distribution.

Further, in the Order (Doc. 529-1, pp 251-253) the Judge made a distribution of "marital property" as follows:

> 2. Division of Marital Property…
> B. Property to Husband …
> Cash in Safe (Husband has possession)    $50,000.00

There is nothing in the Court's opinion regarding Husband's testimony about the cash in the safe or how the Court came to the valuation of $50,000. That lack of detail makes it impossible for this Court to determine, on this record, if the decision on unproven cash was necessary for a determination in equitable distribution. The Judge found that Husband had $50,000 in cash from the safe but did not make a specific finding that there was no other cash in the safe. As noted, he did find that

the Wife had not established the "amount of cash" in the safe. The Judge did make a specific finding that the Parties separate property included:

> B. Wife's jewelry (gifts from mother and/or premarital) - (Claimed amount - $4 million increase in value during Marriage plus $1 million pre-marital-$24,840.00 returned to wife))    Value unknown (Doc. 529-1, p. 240).

During a scheduling phone call recently, the parties discussed the Motions in Limine and asked for permission to file a reconsideration motion. At that time counsel for at least one of the defendants mentioned a divorce masters report, arguing that the master's opinion resolved the matter of the jewelry and cash in the safe. That report is not in this record and counsel have not provided me with a copy. I will not speculate about findings from another court not in this record. Divorce filings from Northumberland County are not available to the public online and cannot be accessed by this court. What is available is Judge James' "Findings of Fact, Discussion, and Order (Doc. 529-1, pp. 234-253)."

For these reasons and because the Motions in Limine were, in reality, additional Motions for Summary Judgment in disguise they were properly denied.

An appropriate Order will follow.