UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONNA DEITRICK, <br>     Plaintiff <br><br> v. <br><br> MARK COSTA, *et al.,* <br>     Defendants | CIVIL ACTION NO. 4:06-cv-1556 <br><br> (ARBUCKLE, M.J.) |

MEMORANDUM OPINION
*Defendant Thomas Yoncuski's Motion for Sanctions (Doc. 657)*

I.    INTRODUCTION

During the life of this case, several motions for sanctions were filed and were denied without prejudice to renewing the motion after trial. One such motion, seeking to recover attorney's fees expended to obtain discovery that was unreasonably delayed, was filed by Defendant Thomas Yoncuski in September of 2016. (Doc. 453). Trial in this case concluded in October 2019. Presently before the Court is Defendant Thomas Yoncuski's renewed motion for discovery sanctions under Rule 37(b)(2) for failure to obey a discovery order, or in the alternative under Rule 37(c)(1) for failure to provide information as required by Rule 26(a). (Doc. 657).

For the reasons stated herein, Defendant Thomas Yoncuski's renewed motion for discovery sanctions (Doc. 657) is GRANTED as follows:

(1) Plaintiff Donna Deitrick is required to tender reasonable attorneys fees and costs in the amount of $1,250.00 to Defendant Thomas Yoncuski's counsel—Michael B Scheib on or before January 10, 2020, pursuant to Fed. R. Civ. P. 37(b)(2)(C).

## II. BACKGROUND & PROCEDURAL HISTORY

Plaintiff's Complaint concerns two incidents that transpired in August of 2004: (1) the alleged taking of a safe and jewelry contained within the safe; and (2) an alleged assault that took place between Plaintiff, Vanessa Yoncuski and Robert Yoncuski shortly after the theft. The allegations against Defendant Thomas Yoncuski, the brother of Plaintiff's now ex-husband Robert Yoncuski, are limited to the aftermath of the first incident.

Given the convoluted factual underpinning of this case, a series of discovery disputes arose. The one relevant to Defendant Thomas Yoncuski's Motion originated during Donna Deitrick's ("Plaintiff") July 22, 2015 deposition. During that deposition, Plaintiff's counsel agreed to produce, or at least look for and consider producing certain items. In his Original Motion, Defendant Thomas Yoncuski identified the following categories of documents, and whether any of the documents were produced:

    a.    "Blue chew" book (not produced);

    b.    Records from Asbestos Removal Control, Inc. ("ARC"), transferred at the finalization of the divorce (various records produced with June 8, 2016, email, but unknown if all such records in the control or possession of Plaintiff were produced);

c.   Any other tablet/booklet records of flea markets besides the "blue chew" book; information referenced as being written in at flea market on tablet, and then transferred to the blue chew book (no responsive documents produced);

d.   Any other documents utilized in connection with flea market business, either given to the tax preparer or used to supply information to the tax preparer for the flea market business (no responsive documents produced);

e.   Records of assets of ARC sold or otherwise disposed of by Plaintiff with respect to the following assets:

   1)   Pick-up truck (no responsive documents produced);

   2)   Office trailer (no responsive documents produced);

   3)   Cargo trailer (no responsive documents produced); and

   4)   Any other ARC assets which were scrapped, disposed of, sold, or traded by Plaintiff (no responsive documents produced);

f.   Records regarding any transfers of property of ARC to Plaintiff with respect to the following:

   1)   Transfers of ARC real estate to Plaintiff (Deeds and other documentation were produced); and

   2)   Transfers of ARC personalty/personal property to Plaintiff (no responsive documents produced);

g.   Plaintiff was to mark her July 22, 2015, Deposition Exhibit No. 11 (54 pages of receipts) to indicate whether items referenced therein were sold for scrap or retained by her. Plaintiff was also to provide an Affidavit to verify that she accurately marked the Exhibit No. 11 pursuant to this request. (Neither an Affidavit nor a marked up Exhibit No. 11 were produced);

h.   Provide last name of "Tony" who rented flea market spaces from Plaintiff (not provided);

> i. Copy of Plaintiff's 2014 tax return (Copy of Plaintiff's 2014 tax return was not produced. Plaintiff produced only a Tax Return Transcript for 2014);
>
> j. Records regarding any jewelry scrapped or sold to Gary Smith or Adamstown (no responsive documents produced); and,
>
> k. Records of receipts for spaces rented at flea market (Penns Cave rental spaces) (no responsive documents produced).

(Doc. 454, pp. 3-5).

On October 22, 2015, Defendant Thomas Yoncuski's counsel sent a letter to Plaintiff's counsel requesting an update as to when the document might be produced. (Doc. 657-2, p. 2). He sent additional letters on January 8, 2016, and May 12, 2016. (Doc. 657-2, pp. 3-4).

On June 8, 2016, Plaintiff's counsel produced discovery in response to the requests for "business records, real estate documents and photos." (Doc. 657-3). This response did not include all the records requested. No affidavit regarding the completeness of the records, deficiencies in Plaintiff's discovery responses, or the reason for those deficiencies was provided at that time.

On June 9, 2016, a telephone status conference was held before me. Following that call, I issued an Order noting that "Plaintiff's counsel promised to promptly provide an affidavit from Plaintiff establishing the completeness or deficiencies in her discovery responses." (Doc. 450, pp. 1-2). I ordered that the affidavit be filed via ECF and served on all parties. *Id.*

As of September 9, 2016, no affidavit had been filed via ECF. On that date, Defendant Thomas Yoncuski filed a Motion for Sanctions. (Doc. 453). Along with his Motion, Defendant Thomas Yoncuski filed a Brief in Support. (Doc. 454). Therein, he requested the following relief:

a. Plaintiff shall be precluded from testifying or presenting evidence regarding damages or value with respect to any item which was allegedly purchased or obtained at a flea market, store, or elsewhere by Plaintiff.

b. Plaintiff shall be precluded from testifying or presenting evidence regarding any item of damages which is related to the documentation and records which she failed to produce.

c. Plaintiff shall be precluded from testifying or presenting evidence regarding the value of items based upon alleged receipts, appraisals, or any other documents which have been requested in discovery and not produced by Plaintiff.

d. The jury will be instructed that Plaintiff failed to cooperate with discovery and failed to produce the requested documentation without a satisfactory explanation and, therefore, the jury may find that this evidence would have been unfavorable to Plaintiff's claims with respect to items being stolen, items not being returned, the condition of the items returned to her, and the values of the items which were allegedly stolen (after being returned to her) or allegedly not returned to her.

e. The jury will be instructed that Plaintiff failed to cooperate with discovery and failed to produce the requested documentation without a satisfactory explanation and, therefore the jury may find this evidence would have shown that Plaintiff falsified her tax returned by failed to report income earned for all tax years referenced in discovery requests for which the above referenced records were not produced.

f. Plaintiff shall pay reasonable attorney fees in the amount of $750.00 to Moving Defendant's counsel for the various letters and communications as well as the preparation of this Motion and supporting Brief, in order to obtain Plaintiff's compliance with the June 10, 2016, Order and

cooperation with providing records and other documents requested in discovery.

(Doc. 454, pp. 11-12).

On October 10, 2016, Plaintiff filed a Brief in Opposition. (Doc. 455). In her brief, Plaintiff admitted that certain items could and should be excluded from trial, and urged the Court to delay making that decision until the time of trial. *Id.*

On March 30, 2018, the Court issued an Order scheduling a hearing to resolve the Motion and the remaining discovery dispute about the completeness or deficiencies of the records at issue and to decide how Plaintiff's failure to turn over these documents should be treated at trial. (Doc. 467).

On June 19, 2018, a hearing was held. (Doc. 477). Plaintiff was the only witness. *Id.* She testified about her efforts to locate the specific items requested. Unfortunately, it did little to lessen the confusion. As explained in the Court's Opinion following the hearing:

> The first time she was asked to look at a document during her testimony she announced that she forgot her glasses and could not read well without them. She testified frequently that she "did not know" and "could not remember" when asked about specific items of discovery. Her answers about the steps she took to search for missing items after her July 22, 2015 deposition were either vague or confusing, or both.

(Doc. 477, p. 9). Ultimately, the Court denied sanctions a, d, e, and f above, but granted the motion to the extent that Plaintiff would not be permitted to testify or present evidence regarding any item of damages related to the documentation or

records which Plaintiff failed to produce. (Doc. 478). Although financial sanctions were denied at that time, Defendant Thomas Yoncuski was given leave to renew his request for monetary sanctions after the trial. *Id.*

The trial in this case was bifurcated. The first trial took place in September 2019, the second took place in October 2019. On November 6, 2019, the Court issued an Order requiring that any party wishing to renew a motion for sanctions should do so by November 20, 2019. (Doc. 655). On November 20, 2019, Defendant Thomas Yoncuski renewed his initial request for monetary sanctions. (Doc. 657). Along with his Renewed Motion for Sanctions, Defendant Thomas Yoncuski filed a Brief in Support. (Doc. 658). In his Renewed Motion, Defendant Thomas Yoncuski asks for a modest monetary sanction of $1250.00. Seven-hundred and fifty dollars to reimburse attorneys fees expended to obtain the discovery he was promised, and five-hundred dollars to compensate him for the fees expended to prepare the instant motion for sanctions.

On December 4, 2019, Plaintiff filed a Brief in Opposition. (Doc. 661). Although oral argument is scheduled to address other pending motions for sanctions, no argument is necessary to resolve this motion.

III. LEGAL STANDARD

   A. SANCTIONS UNDER FED. R. CIV. P. 37(B)

Rule 37(b)(2) of the Federal Rules of Civil Procedure authorizes the imposition of sanctions against a party who fails to comply with a discovery order. *DiGregorio v. First Rediscount Corp.*, 506 F.2d 781, 788 (3d Cir. 1974). It provides, in relevant part that:

> **(A)** *For Not Obeying a Discovery Order.* If a party or party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> **(i)** directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> **(ii)** prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> **(iii)** striking pleadings in whole or in part;
>
> **(iv)** staying further proceedings until the order is obeyed;
>
> **(v)** dismissing the action or proceeding in whole or in part;
>
> **(vi)** rendering a default judgment against the disobedient party; or
>
> **(vii)** treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.
>
> . . . .

**(C)** *Payment of Expenses*. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2).

### B. SANCTIONS UNDER FED R. CIV. P. 37(C)(1)

Rule 37(c)(1) provides in relevant part:

If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

**(A)** may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

**(B)** may inform the jury of the party's failure; and

**(C)** may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

The non-producing party shoulders the burden of proving substantial justification for its conduct or that the failure to produce was harmless. *See Stallworth v. E–Z Serve Convenience Stores,* 199 F.R.D. 366, 368 (M.D. Ala. 2001).

IV. ANALYSIS

For the reasons explained below, I find that imposing a sanction for reasonable attorneys fees related to Defendant Thomas Yoncuski's efforts to obtain business records and an affidavit from Plaintiff would be appropriate under both Fed. R. Civ. P. 37(b)(2) and Fed. R. Civ. P. 37(c).

A. WHETHER SANCTIONS ARE WARRANTED UNDER RULE 37(B)(2)

Defendant Thomas Yoncuski argues that Plaintiff violated an Order issued on June 10, 2016 (Doc. 450) directing Plaintiff to promptly provide an affidavit . . . establishing the completeness or deficiencies in her discovery responses," to the documents she agreed to produce during her 2015 deposition. (Doc. 658, p. 6).

In his Brief in Opposition, Plaintiff does not make any argument as to why she was substantially justified in failing to produce the required affidavit, or why the imposition of sanctions for failing to comply with this Order would be unjust. Because she failed to meet this burden, the award of reasonable attorneys fees under Fed. R. Civ. P. 37(b)(2)(C) is appropriate.

I also find that the fees requested by Defendant Thomas Yoncuski—$750.00 in fees accrued attempting obtain the affidavit ordered, plus $500.00 for preparation of a Motion for Sanctions—are reasonable.

B. **WHETHER SANCTIONS ARE WARRANTED UNDER RULE 37(C)**

Defendant Thomas Yoncuski also argues that he is entitled to fees under Fed. R. Civ. P. 37(c)(1) for failing to supplement her initial disclosures by providing the business records requested.

In her Brief in Opposition, Plaintiff does not appear to dispute that she failed to supplement her disclosures as required under Fed. R. Civ. P. 26(e). Instead, Plaintiff argues that her failure to supplement was harmless. Specifically, she asserts:

> It is worth noting that, at the time of trial, Thomas never questioned Donna about any of her failures to produce documents. Similarly, Thomas never offered any defense relating to theories of undeclared income or the sale of safe jewelry at flee [sic] markets. Thomas could well have done so with the many documents produced and by questioning about Donna's failure to produce documents which she, at her deposition, claimed to possess.
>
> Additionally, Thomas did not request any jury instructions regarding Donna's failure to produce documents or the inferences to be drawn from that failure. At this point, Thomas renews a request for monetary sanctions when he effectively has abandoned all other avenues for sanctions that were potentially left open to him by the Court's memorandum. (Doc. 477).
>
> From these facts, the Court may conclude that Thomas was not prejudiced by any failure to produce documents by Donna. The entire round of discovery which gave rise to this dispute focused on Donna's financial activity long after the second taking of the jewelry by persons unknown to this day. It would appear that this line of inquiry was not actually relevant to the claims and defenses brought to trial.

(Doc. 661, p. 2).

I disagree with Plaintiff's position that her failure to supplement her disclosures to include the business records at issue is harmless. As explained in *Tolerico v. Home Depot*:

> A party's misconduct is harmless if it involves an honest mistake, coupled with sufficient knowledge by the other party of the material that has not been produced." *Stallworth,* 199 F.R.D. at 369. This connotation of the term "harmless" is derived from the Committee Note to the 1993 amendments to Rule 37(c), which offers as examples of "harmless" violations of Rule 26(a), the inadvertent failure to disclose the name of a potential witness known to all parties or the failure to list as a trial witness a person listed by another party.

205 F.R.D. 169, 176 (M.D. Pa. 2002).

Plaintiff does not suggest that her failure to disclose certain records was an "honest mistake" or inadvertent. Furthermore, Plaintiff does not suggest that Defendant Thomas Yoncuski had any knowledge of the information withheld. Under this standard, Plaintiff's failure to produce the records promised at the 2015 deposition, or provide an affidavit identifying what of those records was not produced and why, was not harmless. Accordingly, sanctions would also be appropriate under Fed. R. Civ. P. 37(c)(1). However, because Defendant Thomas Yoncuski is only entitled to recover his fees once, I decline to impose sanctions under Rule 37(c)(1).

V. CONCLUSION

Defendant Thomas Yoncuski's renewed motion for discovery sanctions (Doc. 657) is GRANTED as follows:

(1) Plaintiff Donna Deitrick is required to tender reasonable attorneys fees and costs in the amount of $1,250.00 to Defendant Thomas Yoncuski's counsel—Michael B Scheib on or before **January 10, 2020**, pursuant to Fed. R. Civ. P. 37(b)(2)(C).

(2) An appropriate order will follow.

Date: December 10, 2019　　　　　　　　BY THE COURT

　　　　　　　　　　　　　　　　　　　*s/William I. Arbuckle*
　　　　　　　　　　　　　　　　　　　William I. Arbuckle
　　　　　　　　　　　　　　　　　　　U.S. Magistrate Judge